STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-08-645
NM- CuM - 2/21/2014

LOUIS MORAN,

Cross-Claim Plaintiff
and Defendant

v.

AARON HOLBROOK,

Cross-Claim Plaintiff
and Defendant

ORDER ON LOUIS MORAN'S
MOTION FOR CONTEMPT

Before the court is Louis Moran's motion for contempt. He argues Aaron Holbrook is in contempt of the court's orders dated 8/5/11 and 6/21/12. For the following reasons, the motion is denied.

Both the 8/5/11 and 6/21/12 orders address the inspection and inventory of personal property[1] that belonged to Rebecca Moran and transfer of that property to Mr. Moran from Mr. Holbrook. Mr. Moran testified that after the 8/5/11 order, he attempted unsuccessfully to meet with Mr. Holbrook regarding the property. Accordingly, Mr. Moran filed a motion for contempt on 3/2/12. At the hearing on that motion on May 22, 2012, the parties agreed to an order, signed 6/21/12, and no hearing was held.

Pursuant to the parties' agreement, Mr. Moran went to the Garland Swamp storage facility on 6/4/12 and met Mr. Holbrook, who had rented a storage unit at the facility. The parties could not enter the storage unit, however, because Mr.

---

[1] No valuation of the property has been completed. Although plaintiff's attorney suggested values in the letter dated 11/20/13, those values are not part of the evidence.

Holbrook owed rental money to Jeffrey Coolidge, the owner of the facility, and he would not allow access.

A second meeting on 6/11/12 was arranged. Mr. Holbrook's attorney called Mr. Moran and advised him the appointment was cancelled because the payment issue between Mr. Holbrook and Mr. Coolidge had not been resolved.

Mr. Moran went to the storage facility on 6/15/12 with his sister, Jeannette Moran. No one else arrived. Ms. Moran agreed she went to the facility with her brother and no property was exchanged. Mr. Holbrook's attorney apologized to Mr. Moran and told him the June 15 appointment was cancelled also.

Mr. Coolidge rented the storage unit to Mr. Holbrook in September 2011. Mr. Coolidge received no payment for the storage unit after November 2011. Pursuant to the contract with Mr. Holbrook, Mr. Coolidge had the right to foreclose on the property. He sent a letter to Mr. Holbrook with regard to the rental amounts owed. (Pl.'s Ex. 1.) In May 2012, Mr. Coolidge either donated or disposed of the property in the storage unit, which included household and personal items.

Mr. Holbrook agreed he received the letter from Mr. Coolidge. Mr. Holbrook had been laid off from work and did not have the money to pay the rental fee for the storage unit. He explained this situation to Mr. Moran. Mr. Holbrook did not know at the time of the May 22, 2012 agreement that the property was no longer in the storage unit.

Mr. Holbrook agreed further that no property had been transferred to Mr. Moran since August 2011. Mr. Holbrook did, however, invite Mr. Moran to Mr. Holbrook's house, where additional property was located. Mr. Moran agreed Mr. Holbrook stated other property was at his house; Mr. Moran did not go to the house because he believed, incorrectly, the original order required the property to be

2

stored at the storage facility.

Pursuant to the terms of the 6/21/12 order, Mr. Moran asked Mr. Holbrook for payment of the penalties but Mr. Holbrook declined to pay. As of the date of the hearing on the motion, Mr. Moran had not retrieved any property but still wanted the property returned to him and believed Mr. Holbrook had the property. Mr. Moran's demand included $4,000.00 pursuant to the 8/5/11 order, attorney's fees, and fines of $750.00 for each of the three appointments at the storage facility.

After the hearing on the motion for contempt, the court issued an order dated 10/31/13 for transfer of the property. Pursuant to that order, Mr. Moran's attorney filed on 11/20/13 a list of property Mr. Moran retrieved from Mr. Holbrook. On 11/27/13, Mr. Moran's attorney filed a supplemental letter, which confirmed Mr. Holbrook had provided a signed firearm release and signed life insurance documents. By letter filed 12/3/13, Mr. Moran's attorney stated the firearm had been released to Mr. Moran. Mr. Moran's attorney also filed two affidavits of attorney's fees, which total $3,326.99.

Mr. Holbrook is not in contempt of the 6/21/12 order because he was unable to perform the acts required pursuant to the 6/21/13 order. M.R. Civ. P. 66(d)(2)(D)(ii); see Murphy v. Bartlett, 2014 ME 13, ¶ 15, __ A.3d __ (noting that court must find by clear and convincing evidence party had ability to comply with order); Wells v. State, 474 A.2d 846, 851 (Me. 1984) ("Inherent in the definition of both civil and criminal contempt is an ability to comply with the court's order as well as a contumacious refusal to do so.") Mr. Holbrook was unable to pay the storage unit rental because he had been laid off from work and did not have the funds. Mr. Coolidge denied access to the facility due to nonpayment. Mr. Holbrook explained this situation to his attorney and Mr. Moran. Mr. Holbrook also invited

3

Mr. Moran to retrieve property from Mr. Holbrook's house but that invitation was declined.

Mr. Holbrook also is not in contempt of the remaining provisions of the 8/5/11 order that were not superseded. The court's order dated 10/31/13 has been complied with and the remaining property transferred to Mr. Moran. The transcript of the 3/10/10 hearing with regard to the parties' settlement provides: "with the exception of the $4,000 worth of property if it exists and if it doesn't then Mr. Moran gets what's on the list and nothing more." (3/10/10 Transcript at 5.) It appears, finally, plaintiff has received the property on the list that exists.

The entry is

Louis Moran's Motion for Contempt is DENIED.

Date: 3/21/14

Nancy Mills
Justice, Superior Court

4

AARON HOLBROOK
656 BAKERSTON RD
POLAND ME 04274




AMBER TUCKER ESQ
LASKOFF & ASSOC
PO BOX 7206
LEWISTON ME 04243-7206